IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-05-655 (1) |
| | § | |
| ALBERTO MOLINA BARRIOS. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LETTER MOTION WITHOUT PREJUDICE**

On July 3, 2007, the Court received from Defendant Alberto Molina Barrios ("Molina" or "Defendant") a letter in which he complains that the Bureau of Prisons has miscalculated his sentence and has not given him credit for 58 days from the date of his arrest. He states that he has "tried to take care of this matter with the Federal Bureau of Prisons with negative results" and asks that this Court help him to get credit to his sentence. The Clerk is directed to docket the document as a letter motion for credit to sentence, and to file it as received on July 3, 2007.

Defendant's letter motion challenges the manner in which the BOP is carrying out his sentence. Such a challenge should be brought in a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir.

1

1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Although Defendant has simply written a letter to the Court, even if this Court were to construe his motion as a § 2241 motion, this Court is not the proper court to consider such a motion. Instead, Molina should file it in the district where he is incarcerated. See Pack, 218 F.3d at 451. He is currently incarcerated at the Correctional Institute Reeves in Reeves County, Texas, which is located in the Pecos Division of the Western District of Texas. 28 U.S.C. § 124(d)(6). Thus, assuming he remains incarcerated in CI Reeves, Defendant should file any § 2241 petition in that court.[1]

This Court does not have jurisdiction to address Defendant's § 2241 motion, nor should it transfer a petition it does not have jurisdiction over. Rather, the Court is required to dismiss the motion without prejudice. Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001). Accordingly, to the extent it was intended to be a § 2241 motion, Defendant's letter motion is DENIED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the appropriate district court. See Pack 218 F.3d at 454 (citing Fed. R. Civ. P. 41(b)).

## **CONCLUSION**

For the foregoing reasons, the Clerk is directed to docket Molina's letter as a

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992). Although Defendant's motion and its attachments indicate that he has unsuccessfully sought relief from the BOP , it is not clear whether he has fully exhausted his administrative remedies. He would need to so allege in any § 2241 petition he files.

letter motion for credit to sentence. Molina is advised that, to the extent that he seeks relief available only under 28 U.S.C. § 2241, his motion is DENIED WITHOUT PREJUDICE to his ability to file a § 2241 petition in the proper court. The Clerk is also directed to send a blank § 2241 petition to Molina with his copy of this Order.

    It is so ORDERED this 24th day of August, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE